UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

# MEMORANDUM

JS 6

| Case No. | CV 12-4810 DSF (SSx) | Date | 7/23/12 |
|---|---|---|---|
| Title | Linda Brown, et al. v. McKesson Corporation, et al. | | |

| Present: The Honorable | DALE S. FISCHER, United States District Judge |
|---|---|

| Debra Plato | Not Present |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

**Proceedings:**  (In Chambers) Order Remanding Action for Lack of Subject Matter Jurisdiction

On June 1, 2012, Defendant Astrazeneca Pharmaceuticals LP removed this action from state court.

Suits filed in state court may be removed to federal court if the federal court would have had original jurisdiction over the suit. 28 U.S.C. § 1441(a). Federal courts are courts of limited jurisdiction, having subject matter jurisdiction only over matters authorized by the Constitution and Congress. See, e.g., Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994). "The removal statute is strictly construed against removal jurisdiction, and the burden of establishing federal jurisdiction falls to the party invoking the statute." Lockyer v. Dynegy, Inc., 375 F.3d 831, 838 (9th Cir. 2004). A removed action must be remanded to state court if the federal court lacks subject matter jurisdiction. 28 U.S.C. § 1447(c).

Astrazeneca claims that this Court has subject matter jurisdiction on the basis of diversity, 28 U.S.C. § 1332(a). (Notice of Removal ¶ 1.) Federal courts have diversity jurisdiction over civil actions in which (1) the amount in controversy exceeds $75,000 and (2) there is complete diversity of citizenship between the opposing parties. 28 U.S.C. § 1332(a). Astrazeneca does not dispute that Defendant McKesson Corporation is not diverse from at least one Plaintiff. (Notice of Removal ¶¶ 2, 5.) However, Astrazeneca claims that McKesson's citizenship should be disregarded because it was fraudulently joined. (Id. ¶¶ 6-10.)

"Fraudulent joinder is a term of art. If the plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**MEMORANDUM**

JS 6

the state, the joinder of the resident defendant is fraudulent." <u>McCabe v. Gen. Foods Corp.</u>, 811 F.2d 1336, 1339 (9th Cir. 1987). The fraudulent joinder doctrine requires courts to disregard the citizenship of defendants when no viable cause of action has been stated against them, or when evidence presented by the removing party shows that there is no factual basis for the claims alleged against the defendants. <u>See</u> <u>Morris v. Princess Cruises, Inc.</u>, 236 F.3d 1061, 1067 (9th Cir. 2001). "There is a presumption against finding fraudulent joinder, and defendants who assert that plaintiff has fraudulently joined a party carry a heavy burden of persuasion." <u>Plute v. Roadway Package Sys., Inc.</u>, 141 F. Supp. 2d 1005, 1008 (N.D. Cal. 2001). "[T]he defendant must demonstrate that there is no possibility that the plaintiff will be able to establish a cause of action in State court against the alleged sham defendant." <u>Good v. Prudential Ins. Co. of Am.</u>, 5 F. Supp. 2d 804, 807 (N.D. Cal. 1998). "[I]f there is a possibility that a state court would find that the complaint states a cause of action against any of the resident defendants, the federal court must find that the joinder was proper and remand the case to the state court." <u>Hunter v. Philip Morris USA</u>, 582 F.3d 1039, 1046 (9th Cir. 2009) (quoting <u>Tillman v. R.J. Reynolds Tobacco</u>, 340 F.3d 1277, 1279 (11th Cir. 2003)).

   The Court concludes that McKesson was not fraudulently joined. Plaintiffs are suing Defendants involved in the manufacture and distribution of the drug Nexium, alleging that Defendants downplayed and misrepresented the drug's health hazards. (<u>See, e.g.</u>, Compl. ¶¶ 8, 16, 27.) Plaintiffs allege that McKesson is a wholesale distributor that "marketed, sold, and distributed the Nexium <u>which was ingested by the Plaintiffs</u>." (<u>Id.</u> ¶ 12 (emphasis added).) Astrazeneca has failed to show that "there is no possibility" that Plaintiffs will be able to state a claim against McKesson. Astrazeneca does not dispute that McKesson distributed Nexium. Contrary to Astrazeneca's implication, (Notice of Removal ¶ 7), that there were many other distributors of Nexium does not prevent Plaintiffs from stating a legitimate claim.

   Astrazeneca also argues that the non-diverse (California-resident) Plaintiffs in the action were fraudulently "misjoined" in state court, and that their citizenship should therefore be disregarded. (Notice of Removal ¶¶ 11-24.) The Court need not reach this issue. Astrazeneca may bring this matter to the attention of the state court. If indeed joinder of all of Plaintiffs' claims was improper, as Astrazeneca claims it is,[1] then it will have an opportunity to remove any resulting removable actions. Furthermore, the Court is not inclined to consider whether joinder was procedurally proper in state court by examining the federal procedural rules. (<u>See</u> <u>id.</u> ¶ 15 (contending that joinder of Plaintiffs' claims was improper under Federal Rule of Civil Procedure 20).)

---

[1] Astrazeneca has filed a motion to sever Plaintiffs' claims pursuant to Federal Rule of Civil Procedure 21. (Docket No. 12.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## MEMORANDUM

JS 6

Because Astrazeneca has failed to establish that there was fraudulent joinder, and that diversity jurisdiction exists, the action is remanded.

IT IS SO ORDERED.